1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **CENTRAL DISTRICT OF CALIFORNIA**
10

| UNITED STATES OF AMERICA, | No. 2:19-cv-03436-JAK |
|---|---|
| Plaintiff, | **JUDGMENT** |
| v. | |
| RAUL LOPEZ-ALVAREZ, | |
| Defendant. | |

1       **IT IS THE JUDGMENT OF THIS COURT**, for the reasons stated in this
2 Court's Order dated February 23, 2023 ("Order" (CR Dkt. 4476)),[1] Defendant/Petitioner
3 Raul Lopez-Alvarez's ("Defendant's") motion to vacate, set aside, or correct sentence
4 filed pursuant to 28 U.S.C. § 2255 ("Motion" (CV Dkt. 1 and CR Dkt. 4420)) is hereby
5 **GRANTED** and **JUDGMENT SHALL BE ENTERED**.[2]
6       **IT IS THE JUDGMENT OF THIS COURT**, for the reasons stated in the Order,
7 that the convictions and sentence in *United States v. Raul Lopez-Alvarez*, case number
8 CR 87-422-JAK, U.S. District Court for the Central District of California, are
9 **VACATED** as to the four counts in the Second Superseding Indictment for which
10 Defendant was convicted: (1) aiding, abetting, and participating in the kidnapping and
11 murder of DEA Special Agent ("SA") Enrique Camarena in aid of racketeering activity,
12 in violation of 18 U.S.C. §§ 1952B, 2, 3 (Count One); (2) conspiracy to kidnap DEA SA
13 Camarena, in violation of 18 U.S.C. § 1201(c) (Count Three); (3) aiding, abetting, and
14 participating in the kidnapping of DEA SA Camarena, in violation of 18 U.S.C.
15 §§ 1201(a)(5), 2, 3 (Count Four); and (4) aiding, abetting, and participating in the felony
16 murder of SA Camarena on account of the performance of SA Camarena's official
17 duties, in violation of 18 U.S.C. §§ 1111, 1114, 2, 3 (Count Five).[3] Defendant is granted
18 a new trial as to each of these four convictions.
19       **THE COURT HEREBY FINDS**, pursuant to the Bail Reform Act, 18 U.S.C.
20 § 3142(f), that no condition or combination of conditions would assure the safety of the
21 community and the on-going appearance of Defendant in this case, and Defendant is
22 therefore ordered **DETAINED** without bond pending any new trial. These findings are

---

[1] "CR Dkt." refers to the court criminal docket in *United States v. Caro-Quintero, et al.*, case number CR 87-422-JAK, U.S. District Court for the Central District of California, and is followed by the docket entry. "CV Dkt." refers to the court civil docket in *Raul Lopez-Alvarez v. United States*, case number CV 19-03436-JAK, U.S. District Court for the Central District of California, and is followed by the docket entry.
[2] Entry of judgment on the Motion was deferred (and the Order was not final), until the entry of this Judgment. (CR Dkt. 4476, pg. 26)
[3] These counts are in the March 16, 1988 second superseding indictment (CR Dkt. 62). This Judgment refers to the counts in the second superseding indictment.

based on the nature of the charges in this case (namely, murder conspiracy and kidnapping charges), and the lack of any lawful status of Defendant in the United States known to the Court. The Court is sufficiently familiar with Defendant's circumstances based on its review of the record of this case to make this finding. This order of detention is without prejudice.

**IT IS ORDERED**, pursuant to 18 U.S.C. § 3161(e), any such trial on the four counts is to commence within 180 days of the entry of this Judgment.[4] Given the last trial against Defendant on the four aforementioned counts occurred over 34 years ago, the Government (and most likely the Defendant) will need this additional time to locate witnesses and evidence due to the passage of significant time. Within ten court days of the entry of this Judgment, the Government shall submit proposed findings of fact and conclusions of law pursuant to the Speedy Trial Act and 18 U.S.C. § 3161. This Judgment does not preclude either party from seeking an order from the Court for a finding of additional excludable time under the Speedy Trial Act based on other reasons and/or facts.

**IT IS SO ORDERED.**

Dated:  March 23, 2023

_____
John A. Kronstadt
United States District Judge

---

[4]     The Speedy Trial Act, and specifically 18 U.S.C. § 3161(e), states in relevant part:

> If the defendant is to be tried again following an appeal or collateral attack, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final, except that the court retrying the case may extend the period of retrial not to exceed one hundred and eighty days from the date occasioning the retrial becomes final if unavailability of witnesses or other factors resulting from passage of time shall make trial within seventy days impractical.